UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           2:08-cr-160-FtM-29DNF

JACOB BEN-ARI a/k/a
JACK LEVINSON
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Strike Surplusage (Doc. #84) filed on March 2, 2010. The Government's Response to Defendant's Motion to Strike (Doc. #90) was filed on March 8, 2010. Defendant filed an unauthorized Reply (Doc. #91) on March 9, 2010.

The Superceding Indictment (Doc. #66) sets forth three counts of mail fraud in violation of 18 U.S.C. § 1341. It is alleged that from in or about 2003 through the December 16, 2009 date of the Superceding Indictment defendant knowingly and willfully devised and intended to devise a scheme and artifice to defraud certain victims of money and property and to obtain money and property by means of false and fraudulent pretenses, representations and promises. The scheme is described as follows: Defendant researched delinquent tax rolls in Lee County, Florida and identified unimproved real properties for which unpaid ad valorem property taxes were due. Defendant then solicited monies from other persons to invest in the properties he had discovered, but converted the invested monies to his own use and purposes. It is further alleged

that defendant prepared quit claim or warranty deeds purportedly transferring title to the real properties to himself through the use of a corporation, an alias, and the name of an unwitting third person.  Additionally, defendant is alleged to have forged the signatures of the record land owners and some witnesses on those deeds, used a false notarization of the signatures, and filed the deeds in the public land records.  Defendant would thereafter transfer or attempt to transfer the real properties to which he had purportedly gained title pursuant to the falsified deeds to unwitting third parties.

The Superceding Indictment identifies three specific real properties in Cape Coral, Florida, which defendant fraudulently acquired and sold to third parties and which involved the use of the mails in a manner sufficient to constitute mail fraud.  (Doc. #68, ¶¶ 14-16.)  The Superceding Indictment then identifies seven specific real properties in Cape Coral Florida which defendant fraudulently acquired and sold to third parties, but which are not alleged to have involved the mails.  (Doc. #68, ¶¶ 17-23.) Finally, the Superceding Indictment alleges that the goal of the scheme to defraud was to obtain almost $700,000 by selling at least 26 real properties (Doc. #68, ¶ 24).  Defendant seeks to strike as surplusage those paragraphs relating to real properties other than the three for which a mailing is associated.

Surplusage in an indictment may be deleted, and indeed, "[a] part of the indictment unnecessary to and independent of the

allegations of the offense proved may normally be treated as a useless averment that may be ignored." United States v. Miller, 471 U.S. 130, 136 (1985)(quotation marks omitted). See also United States v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995). The elements of mail fraud are that defendant (1) intentionally participate in a scheme or artifice to defraud another of money or property, and (2) uses or causes the use of the mails for the purpose of executing the scheme or artifice. United States v. Ward, 486 F.3d 1212, 1221-22 (11th Cir. 2007); United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006). Nothing limits the government's proof of the scheme to defraud to only those instances where a mailing occurred. Rather, the government may prove the scheme to defraud element by evidence in addition to those transactions which involved the use of the mails. The Superceding Indictment alleges that the seven other properties were part of the charged scheme to defraud, and therefore do not constitute surplusage or evidence admissible only pursuant to Fed. R. Evid. 404(b).

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike Surplusage (Doc. #84) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of March, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record